**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELA INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| NOKIA CORPORATION (NOKIA OYJ) and NOKIA, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Tela Innovations, Inc. ("Tela" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Nokia Corporation and Nokia, Inc. (collectively, "Defendants") as follows:

**NATURE OF ACTION**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of United States Patent No. 8,217,428 (the "'428 Patent"), entitled "Integrated Circuit Including Gate Electrode Level Region Including at Least Three Linear-Shaped Conductive Structures of Equal Length Having Aligned Ends and Positioned at Equal Pitch and Forming Multiple Gate Electrodes of Transistors of Different Type" (attached as Exhibit A); United States Patent No. 8,258,547 (the "'547 Patent), entitled "Semiconductor Device with Linearly Restricted Gate Level Region Including Two Transistors

of First Type and Two Transistors of Second Type with Offset Gate Contacts" (attached as Exhibit B); United States Patent No. 8,030,689 (the "'689 Patent"), entitled "Integrated Circuit Device and Associated Layout Including Separated Diffusion Regions of Different Type Each Having Four Gate Electrodes with Each of Two Complementary Gate Electrode Pairs Formed from Respective Linear Conductive Segment" (attached as Exhibit C); United States Patent No. 8,258,550 (the "'550 Patent"), entitled "Semiconductor Device Including at Least Six Transistor Forming Linear Shapes Including at Least Two Transistor Forming Linear Shapes Having Different Extension Distances Beyond Gate Contact" (attached as Exhibit D); United States Patent No. 8,258,552 (the "'552 Patent"), entitled "Semiconductor Device Including at Least Six Transistor Forming Linear Shapes with at Least Two Transistor Forming Linear Shapes Having Offset Ends" (attached as Exhibit E); United States Patent No. 8,264,044 (the "'044 Patent"), entitled "Integrated Circuit Including Cross-Coupled Transistors Having Two Complementary Pairs of Co-Aligned Gate Electrodes with Offset Contacting Structures Positioned Between Transistors of Different Type" (attached as Exhibit F); and United States Patent No. 8,264,049 (the "'049 Patent"), entitled "Integrated Circuit Including Cross-Coupled Transistors with Two Transistors of Different Type Having Gate Electrodes Formed by Common Gate Level Feature with Shared Diffusion Regions on Opposite Sides of Common Gate Level Feature" (attached as Exhibit G).

       3.      This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services, and systems that are primarily used or primarily adapted for use in portable communication devices, including, but not limited to, Defendants' mobile telephones, telecommunication devices, computer tablets, and other portable communication devices.

4.     Plaintiff seeks injunctive relief to prevent Defendants from continuing to infringe Plaintiff's patents.  In addition, Plaintiff seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

## THE PARTIES

5.     Plaintiff Tela is a privately held company with its principal place of business at 485 Alberto Way, Suite 115, Los Gatos, California 95032.

6.     Tela has developed and patented design solutions for advanced integrated circuit ("IC") manufacturing processes where lithography driven constraints require novel approaches to both digital circuit design and the physical implementation of these designs.  More specifically, Tela developed patented design solutions that enable continued cost-effective scaling of semiconductor manufacturing processes.

7.     Tela's products, including cell libraries, layouts and software, enable IC designers to achieve improved performance, area and power characteristics as semiconductor processes continue to scale.  Tela has been the recipient of U.S. government contracts under which it has made significant contributions toward developing its technology for use by the U.S. government, in addition to private semiconductor manufacturing companies.  Tela has also entered into numerous evaluation and testing agreements with customers and potential customers under which its products employing its patented technology have been evaluated.

8.     Plaintiff Tela is the lawful assignee of all right, title, and interest in and to the '428, '547, '689, '550, '552, '044, and '049 Patents (collectively, the "Asserted Patents").

9.     Upon information and belief, Defendant Nokia Corporation is a foreign corporation organized and existing under the laws of Finland, with its principal place of business at Keilalahdentie 2-4, FI-02150 Espoo, Finland.  Nokia Corporation is in the business of making, offering for sale, selling, and supporting products containing integrated circuit devices including,

without limitation, cellular telephones and computer tablets that are manufactured outside of the United States.  Nokia Corporation is the primary research, development, and manufacturing base for the entire Nokia corporate structure, and maintains manufacturing subsidiaries in Finland.  Nokia Corporation identifies the United States as a key market and has established a subsidiary, Nokia, Inc., to maintain Nokia Corporation's presence in the United States.  Nokia Corporation is the parent corporation of Defendant Nokia, Inc.

10. Upon Information and belief, Defendant Nokia, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 200 South Matilda Avenue, West Washington Avenue, Sunnyvale, California 94086.  Nokia, Inc. is a wholly-owned subsidiary of Nokia Corporation, and is designated as a key Nokia operation center.  Nokia, Inc. is in the business of making, offering for sale, importing, selling, and supporting products containing integrated circuit devices including, without limitation, cellular telephones and computer tablets, in the United States, that are manufactured outside of the United States.  On information and belief, Nokia, Inc. is responsible for all of Nokia Corporation's activities taking place in the United States, including the importation of goods into the United States from foreign countries.  Nokia Corporation and Nokia, Inc. are referred to collectively as "Nokia."

11. Tela has been irreparably harmed by the Defendants' infringement of its valuable patent rights.  Moreover, Defendants' unauthorized and infringing uses of Tela's patented technology have threatened the value of this intellectual property because Defendants' conduct results in Tela's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented technology.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Upon information and belief, Defendants are subject to personal jurisdiction in the State of Delaware because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates, and partners located in this judicial district. In addition, Defendants have committed acts of direct infringement of one or more of the claims of one or more of the Asserted Patents in this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,217,428)

15. Paragraphs 1 through 14 are incorporated by reference as if fully restated herein.

16. The '428 Patent has fifty-five (55) claims, including three (3) independent claims (claims 1, 54, and 55) and fifty-two (52) dependent claims (claims 2-53).

17. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '428 Patent, including, without limitation, claims 1-13 of the '428 Patent. Such devices include computer tablets, mobile telephones, and other portable communication

devices, including, but not limited to, Defendants' Lumia 920 device and other substantially similar devices.

18. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '428 Patent, including the above-cited claims 1-13 of the '428 Patent, through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented technology.

19. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,258,547)

20. Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

21. The '547 Patent has thirty-six (36) claims, including three (3) independent claims (claims 1, 35, and 36) and thirty-three (33) dependent claims (claims 2-34).

22. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly one or more of the claims of the '547 Patent, including without limitation claims 1-34 of the '547 Patent. Such devices include computer tablets, mobile telephones, and other portable communication devices, including, but not limited, to Defendants' Lumia 920 device and substantially similar devices.

23. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '547 Patent, including the above-cited claims 1-34 of the '547 Patent, through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented technology.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,030,689)

25. Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

26. The '689 Patent has forty-six (46) claims, including two (2) independent claims (claims 1 and 2) and forty-four (44) dependent claims (claims 3-46).

27. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '689 Patent, including, without limitation, claims 2-4, 29, and 33-46 of the '689 Patent.  Such devices include computer tablets, mobile telephones, and other portable communication devices, including, but not limited, to Defendants' Lumia 920 device and substantially similar devices.

28. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '689 Patent, including the above-cited

claims 2-4, 29, and 33-46 of the '689 Patent, through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented technology.

29. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,258,550)

30. Paragraphs 1 through 29 are incorporated by reference as if fully restated herein.

31. The '550 Patent has forty-eight (48) claims, including three (3) independent claims (claims 1, 47, and 48) and forty-five (45) dependent claims (claims 2-46).

32. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '550 Patent, including without limitation claims 1-23, 26-31, and 38-46 of the '550 Patent. Such devices include computer tablets, mobile telephones, and other portable communication devices, including but not limited to Defendants' Lumia 920 device and substantially similar devices.

33. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '550 Patent, including the above-cited claims 1-23, 26-31, and 38-46 of the '550 Patent, through the aforesaid acts, and will continue to

do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

34. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT V
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,258,552)

35. Paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

36. The '552 Patent has forty-nine (49) claims, including three (3) independent claims (claims 1, 48, and 49) and forty-six (46) dependent claims (claims 2-47).

37. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '552 Patent, including, without limitation, claims 1-5, 11, and 18-47 of the '552 Patent. Such devices include computer tablets, mobile telephones, and other portable communication devices, including, but not limited to, Defendants' Lumia 920 device and substantially similar devices.

38. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '552 Patent, including the above-cited claims 1-5, 11, and 18-47 of the '552 Patent, through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct

has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

39. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT VI
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,264,044)

40. Paragraphs 1 through 39 are incorporated by reference as if fully restated herein.

41. The '044 Patent has forty-two (42) claims, including one (1) independent claim (claim 1) and forty-one (41) dependent claims (claims 2-41).

42. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly one or more of the claims of the '044 Patent, including, without limitation, claims 1-5, 7, 8, 10-14, 17, 18, 21-25, 28, 29, 32-36, 39, and 40 of the '044 Patent. Such devices include computer tablets, mobile telephones, and other portable communication devices, including, but not limited to, Defendants' Lumia 920 device and substantially similar devices.

43. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '044 Patent, including the above-cited claims 1-5, 7, 8, 10-14, 17, 18, 21-25, 28, 29, 32-36, 39, and 40 of the '044 Patent, through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting

from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

44. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT VII
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,264,049)

45. Paragraphs 1 through 44 are incorporated by reference as if fully restated herein.

46. The '049 Patent has twenty-five (25) claims, including three (3) independent claims (claims 1, 24, and 25) and twenty-two (22) dependent claims (claims 2-23).

47. Upon information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States for subsequent sale or use products, services, methods, or processes that infringe, directly and/or indirectly, or which employ systems, components, and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '049 Patent, including, without limitation, claims 1-11 and 20-23 of the '049 Patent. Such devices include computer tablets, mobile telephones, and other portable communication devices, including, but not limited to, Defendants' Lumia 920 device and substantially similar devices.

48. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '049 Patent, including the above-cited claims 1-11 and 20-23 of the '049 Patent, through the aforesaid acts, and will continue to do so unless enjoined by this Court. Upon information and belief, Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to

exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

49. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '428 Patent is valid and enforceable against the Defendants; that the '547 Patent is valid and enforceable against the Defendants; that the '689 Patent is valid and enforceable against the Defendants; that the '550 Patent is valid and enforceable against the Defendants; that the '552 Patent is valid and enforceable against the Defendants; that the '044 Patent is valid and enforceable against the Defendants; and that the '049 Patent is valid and enforceable against the Defendants;

B. That this Court adjudge and decree that the Defendants have infringed the '428 Patent, the '547 Patent, the '689 Patent, the '550 Patent, the '552 Patent, the '044 Patent, and the '049 Patent;

C. That this Court permanently enjoin the Defendants and their parents, subsidiaries, affiliates, successors, and assigns, and each of their officers, directors, employees, representatives, agents, attorneys, and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software, and/or components, and/or making use of systems or processes that infringe any of the claims of the Asserted Patents, or from otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

    D. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendants' infringement;

    E. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendants that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

    F. That this Court assess pre-judgment and post-judgment interest and costs against the Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

    G. That this Court declare this case to be exceptional and direct Defendants to pay Tela's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

    H. That this Court grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: February 8, 2013                     Respectfully submitted,

*/s/ Edmond D. Johnson*
Edmond D. Johnson (Del. Bar No. 2257)
James G. McMillan, III (Del. Bar No. 3979)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6539
*johnsone@pepperlaw.com*
*mcmillaj@pepperlaw.com*

**COUNSEL FOR PLAINTIFF**
**TELA INNOVATIONS, INC.**